JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>NOTEWORTHY PAPER & PRESS, INC., a Montana corporation,<br><br>   Defendant. | Case No. SA CV 19-0560 FMO (ADSx)<br><br>**ORDER RE: MOTION TO DISMISS OR TRANSFER** |

Having reviewed and considered all the briefing filed with respect to defendant Noteworthy Paper & Press, Inc.'s ("defendant" or "NPP") Motion to Dismiss for Lack of Jurisdiction and Improper Venue or in the Alternative to Transfer ("Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Plaintiff Blue Sky The Color of Imagination, LLC ("plaintiff" or "Blue Sky") is a California limited liability company headquartered in Irvine, California, that sells a variety of planners.[1] (See

---

[1] Plaintiff does not provide information regarding who its members are or what states its members are citizens of.

Dkt. 1, Complaint at ¶¶ 3, 10). NPP is a Montana corporation that creates personalized prints and sells greeting cards and stationery. (See id. at ¶¶ 4, 14). In 2008, NPP began using the mark "Noteworthy," which it registered in 2014 for the use of stationery, greeting cards, printed invitations, and printing services. (See Dkt. 23-2, Motion, Exh. B at ECF 222).

In 2017, plaintiff developed a planner under the name "Noteworthy" and filed an application to register the mark for a variety of paper products and stationery. (See Dkt. 1, Complaint at ¶ 11). Plaintiff's trademark application was denied because NPP held the "Noteworthy" mark. (See id.). Plaintiff thereafter sought defendant's consent to use the mark, but defendant refused. (See id.).

In 2018, plaintiff began selling planners using the "Noteworthy" mark. (See Dkt. 1, Complaint at ¶ 12; Dkt. 1-1, Exhibit C at ECF 21-24). On March 14, 2019, NPP sent a cease and desist letter to Blue Sky in an attempt to protect NPP's rights in the mark. (See Dkt. 1, Complaint at ¶ 23; Dkt. 1-1, Exh. A at ECF 10-11, Cease and Desist Letter). On March 22, 2019, instead of responding to defendant's cease and desist letter, Blue Sky filed the instant action seeking a declaratory judgment that its use of "Noteworthy" does not infringe NPP's trademark. (See Dkt. 1, Complaint at ¶¶ 31-34 & Prayer for Relief).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) ("§ 1404(a)"). An action "might have been brought" in a court where "the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper." E. & J. Gallo Winery v. F. & P. S.p.A., 899 F.Supp. 465, 466 (E.D. Cal. 1994); see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 57, 134 S.Ct. 568, 578 (2013) ("[W]e construe[] the phrase 'where it might have been brought' to refer to the federal laws delimiting the districts in which such an action may be brought[.]") (internal quotation marks omitted). Under § 1404(a), the court has "broad discretion to transfer a case to another district where venue is also proper." Amini Innovation Corp. v. JS Imports, Inc., 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007).

"The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Metz v. U.S. Life Ins. Co. in City of N.Y., 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal quotation marks omitted). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." Lax v. Toyota Motor Corp., 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)). But where a plaintiff has chosen a forum with little or no connection to the plaintiff "or the subject matter of the suit[,] . . . the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer." Gupta v. Perez, 2014 WL 2879743, *3 (N.D. Cal. 2014) (internal quotation marks and citation omitted).

To support a motion for transfer, the moving party must first show "that venue is proper in the transferor district[,]" and "that the transferee district is one where the action might have been brought[.]" Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503, 506 (C.D. Cal. 1992). If these two conditions are satisfied, the court must then weigh multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. See id. at 506-07. While there is no definitive list of factors, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the location where the relevant events occurred or the relevant agreements were negotiated; (2) plaintiff's choice of forum; (3) the convenience of the parties and witnesses; (4) the ease of access to the evidence and the availability of compulsory process for the attendance of unwilling witnesses; (5) the familiarity of each forum with the applicable law; (6) any local interest in the controversy; and (7) the relative court congestion in each forum. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Atl. Marine Constr. Co., 571 U.S. at 62 n. 6, 134 S.Ct. at 581 n. 6 (describing "[f]actors relating to the parties' private interests" and "[p]ublic-interest factors" for a court to consider in determining whether to transfer an action).

**DISCUSSION**

I.   PRELIMINARY FACTORS.[2]

   A.   Whether the Action Might Have Been Brought in the District of Montana.

Section 1404(a) requires defendant to show that plaintiff could originally have filed the action in the transferee district. See HR Benefits Consulting, Inc. v. Copeland Grp. USA, 2018 WL 6112614, *2 (C.D. Cal. 2018). To make this showing, "a defendant must be subject to personal jurisdiction in the district of the transferee court, and be amendable to service of process there." Behrmann v. Houk, 2016 WL 9724967, *4 (C.D. Cal. 2016) (citing A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 503 F.2d 384, 386-88 (9th Cir. 1974)).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Montana's long-arm statute is coextensive with the limits of federal due process. See King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 578 (9th Cir. 2011) ("We have recognized that Montana Rule of Civil Procedure 4B(1), which serves as the state's long-arm statute, permits the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process.") (internal quotation marks omitted). Under the due process clause, a defendant may be subject to either

---

[2] The court may transfer a case pursuant to 28 U.S.C. § 1404(a) without deciding whether it has personal jurisdiction over a defendant or whether venue in this District is proper. See, e.g., Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1211 (D. Haw. 2002) ("Because this court may transfer venue under either § 1404(a) or § 1406(a) without regard to whether it has personal jurisdiction over CBRE, this court need not decide the issue of personal jurisdiction before deciding to transfer venue."); Multistate Legal Studies, Inc. v. Marino, 1996 WL 786124, *10 (C.D. Cal. 1996) ("Upon thoughtful consideration of 28 U.S.C. § 1404(a) and related case law, the Court finds that 28 U.S.C. § 1404(a) may be utilized in this case, even though the Court has not made the threshold determination as to whether venue is proper in the Central District of California as to Marino and Grufferman."); Microsoft Corp. v. Hagen, 2010 WL 11527312, *1 (E.D. Cal. 2010) ("The court need not determine whether there is personal jurisdiction or proper venue in the Eastern District of California."); Lozano v. Giovino, 2015 WL 5023003, *3 n. 3 (E.D. Cal. 2015) (concluding that court "need not decide whether it has personal jurisdiction over a case before transferring it under 28 U.S.C. 1404(a)"). Because the court concludes that this case should be transferred to the District of Montana on the basis of 28 U.S.C. § 1404(a), the court will rule on defendant's Motion without considering its other grounds for dismissal or transfer.

general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126-27, 134 S.Ct. 746, 754 (2014).  A defendant is subject to the general personal jurisdiction of the state where it is incorporated or where it has its principal place of business. Id. at 137, 134 S.Ct. at 760.  Here, NPP has its headquarters in Montana, (see Dkt. 23-1, Declaration of Taylor Valliant ("Valliant Decl.") at ¶ 3); therefore, this case "could have been brought" in Montana, as NPP is subject to general personal jurisdiction in that state.

   B. <u>Whether Venue is Proper in the District of Montana</u>.

Under the relevant venue statute, a civil action may be brought in any venue in where:  (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred[;]" or (3) if no venue meets the first two requirements, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b)(1)-(3).  Here, venue is proper in Montana because defendant is headquartered there, (see Dkt. 23-1, Valliant Decl. at ¶ 3); in other words, defendant "resides" in Montana.  See 28 U.S.C. § 1391(b)(1).

II. CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE.

The court will now address the relevant factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice.

   A. <u>Where the Events Occurred</u>.

The court first evaluates where the relevant events occurred.  Other than stating that it is a California company, Blue Sky addresses this factor in a cursory fashion. (See, generally, Dkt. 30, Opp. at 5-7).  While it notes that NPP has sold its products in California, (see id. at 2), plaintiff's action seeks a declaratory judgment that it is not infringing NPP's mark and that NPP's mark is invalid. (See Dkt. 1, Complaint at ¶¶ 33-34 & Prayer for Relief).  Plaintiff's declaratory judgment claims have little, if any, relationship to NPP's sales in California.

Aside from NPP's sales in California, Blue Sky has not pointed to any other evidence establishing how NPP availed itself of the privilege of conducting activities in California.  NPP owns no property, holds no bank accounts and has no employees in California. (See Dkt. 23-1,

1  Valliant Decl. at ¶ 8). Moreover, evidence relating to the validity of the mark would be in Montana,
2  where NPP developed the "Noteworthy" mark. (See Dkt. 23, Motion at 13; Dkt. 33, Defendant's
3  Reply Memorandum in Support of its Motion to Dismiss or Transfer ("Reply") at 9). In short, most,
4  if not all, of the relevant events regarding plaintiff's cause of action for declaratory relief took place
5  in Montana. Thus, this factor weighs in favor of transfer.

6        B.    Plaintiff's Choice of Forum.

7        There is a strong presumption in favor of a plaintiff's choice of forum. Decker, 805 F.2d at
8  843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the
9  plaintiff's choice of forum.") (internal citation omitted). But "[t]his presumption may be rebutted if
10 the chosen forum lacks a significant connection to the activities that underlie the matters at issue."
11 Behrmann, 2016 WL 9724962, at *6. In addition, a plaintiff's choice of forum is entitled to little
12 deference where there is an indication that plaintiff's action is anticipatory in nature. See Carolina
13 Cas. Co. v. Data Broad. Corp., 158 F.Supp.2d 1044, 1048 (N.D. Cal. 2001) ("If there is any
14 indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be
15 accorded little deference."); Geringer v. Strong, 2016 WL 2732134, *7 (C.D. Cal. 2016) ("[I]f
16 plaintiff's suit is anticipatory, then plaintiff's chosen forum will be accorded little deference. . . .The
17 principle disfavoring anticipatory lawsuits is especially strong where, as here, the first-filed suit is
18 one for a declaratory judgment.") (emphasis and internal quotation marks omitted).

19       NPP asserts that plaintiff's action is simply an "anticipatory lawsuit" and that its choice of
20 forum "should be given no deference because it is simply an attempt to forum shop[.]" (Motion at
21 12). The court agrees. First, plaintiff did not contest NPP's assertion that the instant case was
22 an anticipatory lawsuit. (See, generally, Dkt. 30, Opp.). Under the circumstances, Blue Sky's
23 failure to contest NPP's argument constitutes a concession on Blue Sky's part that it filed the
24 instant case as an anticipatory lawsuit. See, e.g., GN Resound A/S v. Callpod, Inc., 2013 WL
25 1190651, *5 (N.D. Cal. 2013) (when plaintiff failed to oppose a motion as to a particular issue, that
26 "the Court construes as a concession that this claim element [is] not satisf[ied]"); Hall v. Mortg.
27 Inv'rs Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants'
28 arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose . . .

on this basis serves as a concession[.]").

Second, the record supports a finding that the instant case was an anticipatory lawsuit. On March 14, 2019, defendant sent plaintiff a letter demanding that plaintiff "cease and desist from all use of the 'noteworthy' mark" and provide "written confirmation that Blue Sky will comply with these demands" by March 22, 2019. (See Dkt. 1, Complaint at ¶ 23; Dkt. 1-1, Exh. A at ECF 11, Cease and Desist Letter). Instead of responding to NPP's cease and desist letter, plaintiff filed the instant action on March 22, 2019. (See Dkt. 1, Complaint). Because Blue Sky's "suit was filed in anticipation of another," the court finds that plaintiff's choice of forum is entitled to no deference. See Geringer, 2016 WL 2732134, at *7. Thus, this factor is neutral.

C.  Convenience of the Parties and Witnesses.

As noted earlier, plaintiff is based in Irvine, California and NPP is based in Montana. Plaintiff argues that California is a more convenient forum because plaintiff's "planners were developed with the input of dozens of Blue Sky employees," making travel to Montana "expensive and time-consuming, and disruptive to Blue Sky's business." (Dkt. 30, Opp. at 6). Defendant, on the other hand, "has fewer employees, rendering travel and logistics to California much simpler." (See id.). The court is not persuaded.

While there is no doubt that plaintiff would be inconvenienced by having to litigate in Montana, there is also no doubt that defendant would be equally inconvenienced if it had to litigate in California. In any event, defendant raises other points indicating that litigating in Montana would be less expensive and more efficient for NPP. (See Dkt. 23, Motion at 10-11). For example, defendant could save over $100 an hour by hiring Montana counsel to litigate this case, compared to what it would have to pay California counsel. (See id.); Jones, 211 F.3d at 498 ("the differences in the costs of litigation in the two forums" is a factor in determining whether transfer is appropriate). Given that defendant is a small business, these savings could have a significant impact on defendant's bottom line.[3] (See id.). Defendant also notes that its entire business is

---

[3] Defendant "has twelve employees, all of whom reside in Montana." (See Dkt. 18-1, Supplemental Declaration of Taylor Valliant at ¶ 3).

7

located in Montana whereas plaintiff does business nationally.  (Id.; see Dkt. 33, Reply at 2).

As for the conveniences of witnesses, plaintiff argues that this District is more convenient for plaintiff because its "planners were developed with the input of dozens of Blue Sky's employees, including 5 graphic design employees, 10 product development employees, 7 marketing employees, 7 sales representatives, 4 e-commerce employees, 12 supply chain and operations employees, 5 finance employees, 5 proofreaders, and an information technology employee."  (Dkt. 30, Opp. at 6).  But plaintiff offers no explanation as to how these employees are relevant to the central issues in this case:  whether NPP's mark is valid and whether Blue Sky was authorized to use the mark.  See, e.g., Rubio v. Monsanto Co., 181 F.Supp.3d 746, 763 (C.D. Cal. 2016) (finding that "[t]he Central District witnesses are not, therefore, a convincing reason to keep Rubio's case in this forum" because the Central District witnesses would testify as to facts "unlikely to be as highly contested[.]").  Nor does plaintiff indicate which, if any, of the employees it listed will be expected to offer testimony at trial.  (See, generally, id.); see Shabani v. Volkswagen Grp. of Am. Inc., 2012 WL 4675047, *4 (N.D. Cal. 2012) ("In determining whether [convenience to the witnesses] weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses").  Under the circumstances, the court finds this factor weighs in favor of transfer.

D.   Ease of Access to the Evidence.

The evidence in this case consists mostly of witnesses and documents that would be easily accessible regardless of forum.  The importance of the location of documents "has significantly lessened in light of recent technological advances."  M S Int'l, Inc., 2014 WL 12690755, *4 (C.D. Cal. 2014) (citing Szegedy v. Keystone Food Prods., Inc., 2009 WL 2767683, *6 (C.D. Cal. 2009) ("[E]ase of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations.")).

Plaintiff contends that this factor weighs against transfer because its "only location is in Irvine, California and relevant witnesses and documents are located in California."  (See Dkt. 12,

Plaintiff's Memorandum at 3). However, as discussed above, plaintiff has not explained which, if any, of their witnesses will testify as to the validity of the mark registered to NPP. The key evidence in this case will relate to NPP's ownership and use of the mark, "Noteworthy." Most, if not all, of that evidence will be in Montana. In short, this factor favors transfer.

  E.  <u>Familiarity of Each Forum with the Applicable Law</u>.

Plaintiff argues that this District has substantially more experience with trademark law and that because of the "nuance of trademark law," the court should afford this factor extra weight since it "will aid in the speedy disposition of the case." (<u>See</u> Dkt. 30, Opp. at 6-7). But "[a]ll federal courts handle [trademark] cases; the suggestion that the District of [Montana] is a less appropriate forum because it lacks the experience in [trademark] matters of the courts in this [district] is both an affront to that court and an illusion to be ignored." <u>Cargill Inc. v. Prudential Ins. Co. Of Am.</u>, 920 F. Supp. 144, 148 (D. Colo. 1996). Accordingly, this factor is neutral.

  F.  <u>Local Interest in the Controversy</u>.

Plaintiff correctly asserts that "California has an interest in protecting companies based in California." (<u>See</u> Dkt. 30, Opp. at 6); <u>see</u> <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 119 (9th Cir. 2002). However, as previously discussed, the crux of this case lies in Montana, not California. Defendant is headquartered in Montana, and defendant developed the "Noteworthy" mark in Montana. (<u>See</u> Dkt. 23, Motion at 13; Dkt. 33, Reply at 9); <u>see, e.g.</u>, <u>Hawkins v. Gerber Prods. Co.</u>, 924 F.Supp.2d 1208, 1216-17 (S.D. Cal. 2013) (local interest factor favored transfer where crux of case occurred in transferee district, even though California had interest in protecting its consumers). Therefore, because "there is not a particular localized interest in this case," this factor favors transfer. <u>See</u> <u>id.</u>

  G.  <u>Relative Court Congestion</u>.

"The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket. This factor turns on whether efficient and expeditious administration of justice would be furthered by transfer." <u>Baker v. Bayer Healthcare Pharm, Inc.</u>, 2015 WL 4456085, *4 (N.D. Cal. 2015) (internal citations and quotation marks omitted). "However, '[a]dministrative considerations such as docket congestion are given little weight in this circuit in

assessing the propriety of a § 1404(a) transfer.'" Id. (quoting Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F.Supp.2d 1109, 1134 (C.D. Cal. 2009)). Plaintiff does not directly address this factor. (See, generally, Dkt. 30, Opp. at 6-7). This District has more than double the amount of civil cases per judge than does the District of Montana. (See Dkt. 23, Motion at 14, Exh. C, Comparison of Districts Within the Ninth Circuit). The size of this District's caseload is unprecedented. See "Chiefs of federal courts plead with Congress to fill vacancies," Los Angeles Daily Journal at 4 (October 31, 2019). Accordingly, although given little weight, this factor favors transfer.

H.  Summary.

In sum, the § 1404(a) factors weigh in favor of transfer. Five factors weigh in favor of transfer, two are neutral, and none weigh against transfer. Thus, the court will thus exercise its "broad discretion[,]" Amini Innovation Corp., 497 F.Supp.2d at 1108, and transfer the case to the District of Montana.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss or Transfer, **(Document No. 23)**, is **granted**.

2. The Clerk shall transfer this case forthwith to the United States District Court for the District of Montana. See 28 U.S.C. § 1404(a).

Dated this 28th day of February, 2020.

/s/
Fernando M. Olguin
United States District Judge